# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT RUFF, | : | |
|     Petitioner | : | |
| | : | No. 1:20-cv-851 |
| v. | : | |
| | : | (Judge Rambo) |
| WARDEN FCI SCHUYLKILL,[1] | : | |
|     Respondent | : | |

## MEMORANDUM

### I.   BACKGROUND

On January 29, 2020, *pro se* Petitioner Robert Ruff ("Petitioner"), who is currently incarcerated at the Federal Correctional Institution Schuylkill in Minersville, Pennsylvania ("FCI Schuylkill"), initiated the above-captioned case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Pennsylvania. (Doc. No. 1.) Petitioner subsequently filed a "motion for amendment" (Doc. No. 3) and paid the requisite $5.00 filing fee. On May 13, 2020, the Eastern District of Pennsylvania transferred the matter to this Court for further proceedings. (Doc. No. 5.)

In 1982, a jury convicted Petitioner of kidnapping, transportation of a stolen vehicle, and conspiracy to kidnap, and this Court sentenced Petitioner to life

---

[1] Petitioner initially named the Federal Bureau of Prisons as the sole Respondent in this matter. In a habeas challenge, however, "the proper respondent is the warden of the facility where the [individual] is being held." *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Accordingly, the Court will direct the Clerk of Court to substitute the Warden of FCI Schuylkill as the Respondent in this matter.

imprisonment. *See United States v. Ruff*, 717 F.2d 855, 856-87 (3d Cir. 1983). Petitioner's convictions stemmed from the kidnapping of Patsy Gaisior in Harrisburg, Pennsylvania. *Id.* During trial, Petitioner's co-defendant testified that after driving to Washington, D.C., Petitioner killed Gaisior and they threw her body into the Anacostia River. *Id.*

In his § 2241 petition, Petitioner asserts that the Bureau of Prisons ("BOP") has relied upon erroneous information in his Presentence Investigation Report ("PSR") to make determinations adverse to him. (Doc. No. 1 at 2.) According to Petitioner, the BOP has classified him as a sex offender on his Male Custody Classification Form ("MCCF") and has applied a Public Safety Factor ("PSF") to his file. (*Id.*) He asserts that these classifications have been based upon a finding of rape, and Petitioner contends that he has never been charged or found guilty of rape. (*Id.* at 6-7.) In his "motion for amendment," Petitioner contends that these classifications have precluded him from "getting assistance on [jobs] and [positions]." (Doc. No. 3 at 1.) As relief, Petitioner requests that the Court direct the BOP to remove the PSF and sex offender classifications from his file.[2] (Doc. No. 1 at 8.) He also seeks the appointment of counsel. (Doc. No. 3 at 2.)

---

[2] In his "motion for amendment," Petitioner asserts that he is entitled to monetary damages of $75,000.00 pursuant to *United States v. Sellers*, 959 F.2d 307 (D.C. Cir. 1992). (Doc. No. 3 at 2.) *Sellers*, however, involved an inmate's action pursuant to the Privacy Act against the Bureau of Prisons and the Parole Commission, not a petition for a writ of habeas corpus pursuant to § 2241. *See Sellers*, 959 F.2d at 308. Moreover, money damages are not available in a habeas action. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) (explaining that "if a . . . prisoner is seeking

## II.   DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004).  The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b).  *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

A federal prisoner may challenge the fact, duration, or execution of his sentence in a petition for a writ of habeas corpus pursuant to § 2241.  *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005).  Generally, a challenge to the "fact" of a sentence is an inquiry into the legality of the detention, and relief for unlawful detention is discharge from detention.  *See Leamer v. Fauver*, 288 F.3d 532, 540-41 (3d Cir. 2002).  The "heart of habeas corpus" is immediate or speedier release from confinement.  *Id.* at 541.  Examples of habeas claims involving the duration of confinement include parole challenges, loss of good-time credits, and

---

damages, he is attacking something other than immediate or more speedy release—the traditional purpose of habeas corpus.  In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy").

incorrect sentence calculations. *See Wragg v. Ortiz*, No. 20-5496 (RMB), 2020 WL 2745247, at *14 (D.N.J. May 27, 2020) (citing cases).

With respect to claims regarding the execution of a sentence, the United States Court of Appeals for the Third Circuit has noted that "the precise meaning of execution of the sentence is hazy." *Woodall*, 432 F.3d at 243. To discern its meaning, the Third Circuit considered "the plain meaning of the term . . . which is to 'put into effect' or 'carry out.'" *Id.* (quoting Webster's Third New Int'l Dictionary 794 (1993)). In *Woodall*, the Third Circuit concluded that the petitioner was challenging the execution of his sentence, and therefore could proceed under § 2241, because decisions regarding placement in community correctional centers ("CCC") "are part of the phase of the corrects process focused on reintegrating an inmate into society." *Id.* The Third Circuit concluded that Woodall's claim was distinguishable from "garden variety prison transfers" because "CCCs satisfy different goals from other types of confinement." *Id.* Subsequently, the Third Circuit considered whether a petitioner's referral to the Special Management Unit ("SMU") raised a claim challenging the execution of his sentence such that he could proceed under § 2241. *See Cardona v. Bledsoe*, 681 F.3d 533, 534 (3d Cir. 2012). The Third Circuit conclude that Cardona's "claims do not concern the execution of his sentence because the BOP's conduct is not inconsistent with his sentencing judgment." *Id.* at 537.

As noted above, Petitioner seeks the removal of a sex offender classification and PSF from his file, arguing that these factors should never have been assessed because he was never charged or convicted of rape. He appears to contend that these classifications are affecting his custody level because they are precluding him from certain jobs and positions within the BOP. (Doc. No. 3 at 1.) A PSF "is relevant factual information regarding the inmate's current offense, sentence, criminal history, or institutional behavior that requires additional security measures to be employed to ensure the safety and protection of the public." *Merchenthaler v. United States*, No. 4:19-cv-471, 2020 WL 1244471, at *1 (M.D. Pa. Mar. 16, 2020). The Third Circuit, however, has concluded that "claims concerning the determination of . . . custody level do not lie at the 'core of habeas' and, therefore, are not cognizable in a § 2241 petition." *Levi v. Ebbert*, 353 F. App'x 681, 682 (3d Cir. 2009) (quoting *Leamer*, 288 F.3d at 542-44). Petitioner has no "due process right to any particular security classification" and "federal habeas relief is unavailable" to him for this claim. *See Marti v. Nash*, 227 F. App'x 148, 150 (3d Cir. 2007) (rejecting petitioner's claim that "the assignment of the public safety factor 'greatest severity' [was] erroneous and . . . prevented him from being placed at a minimum security level"); *see also Briley v. Warden Fort Dix FCI*, 703 F. App'x 69, 71 (3d Cir. 2017) (concluding that claims challenging the assignment of a PSF were not cognizable under § 2241 because they do not challenge the fact, duration,

or execution of a sentence); *Hribick v. Warden Fort Dix FCI*, 695 F. App'x 25, 26 (3d Cir. 2017) (concluding same); *Bloom v. United States*, No. 19-21982 (RMB), 2020 WL 410163, at *1 (D.N.J. Jan. 24, 2020) (noting that "[c]hallenges to custody classification, such as the designation of a public safety factor do not affect the fact or length of incarceration and are not cognizable under § 2241"); *Woods v. Strada*, No. , 2013 WL 101610, at *2 (M.D. Pa. Jan. 8, 2013) (claims concerning custody classification were not cognizable under § 2241). Thus, summary dismissal of Petitioner's § 2241 petition is appropriate.

## III. CONCLUSION

Based on the foregoing, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be dismissed. In light of this dismissal, the Court will not appoint counsel to represent Petitioner. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (noting that, when considering the appointment of counsel, court "must consider as a threshold matter the merits of the . . . claim"). Because Petitioner is not detained because of a process issued by a state court and the petition is not brought pursuant to § 2255, no action by this Court with respect to a certificate of appealability is necessary. An appropriate Order follows.

s/ Sylvia H. Rambo<br>United States District Judge

Dated: June 1, 2020